UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62209-CIV-COHN/SELTZER

CARLOS POMALES and ISABEL
POMALES,

       Plaintiffs,

v.

HOUSING AUTHORITY OF THE CITY OF
DANIA BEACH, FLORIDA, a Florida municipal
corporation and ANNMARIE GUNDERSEN, in
her individual capacity,

       Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ANNEMARIE GUNDERSEN'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Annemarie Gundersen's Motion to Dismiss [DE 16] ("Motion"). The Court has reviewed the Motion, Plaintiffs' Response [DE 29] ("Response"), Gundersen's Reply [DE 30] ("Reply"), the record in the case, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiffs Carlos and Isabel Pomales (collectively "Plaintiffs") filed this action on November 8, 2012, alleging that Defendants Housing Authority of the City of Dania Beach ("Housing Authority") and Annemarie Gundersen ("Gundersen") (collectively "Defendants") violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d-2000d-7, and the Fair Housing Act, 42 U.S.C. §§ 3601-3619. Specifically, Plaintiffs contend that they applied for a Section 8 housing voucher from Defendant Housing Authority for themselves and their grandchild and were placed on the waiting list for a

housing choice voucher.  Am. Compl. [DE 23-1] ¶ 26.[1]  In conjunction with their application, Plaintiffs were required to fill out a Personal Declaration package.  Id. ¶ 27.  These forms were entirely in English even though their primary language is Spanish.  Id. ¶¶ 22-23; 27.  Plaintiffs contend that, because of her limited ability to read and understand English, Isabel Pomales entered incorrect information regarding Carlos Pomales' criminal history.  Id. ¶ 31.

On July 23, 2008, Defendant Housing Authority issued a notice of ineligibility to the Plaintiffs because they had provided inaccurate or incomplete information.  Id. ¶ 33.  Plaintiffs then requested an Informal Review.  Id. ¶ 35.  Defendant Gundersen served as the Informal Review Officer.  Id. ¶ 37.  Plaintiffs contend that Defendants denied their request to conduct the review in Spanish and failed to provide "meaningful Spanish language access . . . and continued to take the position that the burden rested with Carlos and Isabel Pomales to obtain oral interpretation and written translation services."  Id. ¶¶ 38, 42.  Defendant Gundersen has now filed the instant Motion which seeks to dismiss the Title VI and Fair Housing Act claims brought against her in her individual capacity.  In response, Plaintiffs concede that dismissal of the Title VI claim against Gundersen is proper, but dispute that a Fair Housing Act claim cannot be brought against Gundersen in her individual capacity.

## II. DISCUSSION

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where,

---

[1] When the Court granted Plaintiffs leave to file an Amended Complaint, the Court instructed Plaintiffs to file the proposed Amended Complaint as a separate docket entry within CM/ECF within three business days of the Order.  See DE 24.  Plaintiffs failed to do so, in violation of this Court's explicit Order.

based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at 556.

First, the Court notes that Plaintiffs "concede that they are precluded from bringing an action against Gundersen under Title VI, 42 U.S.C. § 2000d" in her individual capacity.  See Response at 1.  The Court agrees.  See Shotz v. City of Plantation, 344 F.3d 1161, 1170 (11th Cir. 2003); Powers v. CSX Transp., Inc., 105 F. Supp. 2d 1295, 1311 (S.D. Ala. 2000).  Accordingly, the Court will grant Gundersen's Motion as to Count III.

Gundersen also argues that she is entitled to dismissal of Plaintiffs' Fair Housing Act claim because she "was not personally involved in DBHA's determination to deny Plaintiffs Section 8 housing."  Motion at 2.  Gundersen argues that she should not be held personally liable for the Housing Authority's decision to deny Plaintiffs Section 8

3

benefits because she did not possess authority, in her individual capacity, to discriminate against the Plaintiffs.  Id. at 3.  Plaintiffs disagree, arguing that precedent in this Court and other Florida district courts permit Fair Housing Act claims to be brought against individual defendants.  Response at 4-5.

The Court is not persuaded by Gundersen's reliance upon Brooker v. Altoona Housing Authority, No. 3:11-CV-95, 2012 WL 913242, at *4 (W.D. Pa. Mar. 16, 2012), for the proposition that a Fair Housing Act claim may not be brought against her in her individual capacity.  See Motion at 3.  In Brooker, the court dismissed Fair Housing Act claims brought against individual defendants, holding that the individual capacity claims could not be brought against defendants who acted solely in their official capacities when allegedly discriminating against the plaintiff.  2012 WL 913242, at *4.  As Gundersen acknowledges, however, this Court has previously held that "an individual agent can be held liable. . . [if] he personally committed or contributed to a Fair Housing Act violation."  Falin v. Condo. Ass'n of La Mer Estates, Inc., No. 11-61903-CV, 2011 WL 5508654, at *3 (S.D. Fla. Nov. 9, 2011) (citing Hous. Opportunities Project for Excellence, Inc. v. Key Colony # 4 Condo., 510 F. Supp. 2d 1003, 1013-14 (S.D. Fla. 2007)).  The Court will not ignore established Southern District of Florida precedent based upon an unpublished decision from the Western District of Pennsylvania.

The Court also disagrees with Gundersen's attempts to distinguish Falin on the facts.  See Motion at 3.  As stated in Falin, the issue is whether the agent committed or contributed to a Fair Housing Act violation.  Here, the Amended Complaint alleges that Gundersen refused Carlos Pomales' request to conduct the Informal Review in Spanish, incorrectly informed Plaintiffs that it was their responsibility to provide a

translator, and affirmed the determination that Plaintiffs were ineligible for a voucher despite her knowledge that they were unable to understand English.  Am. Compl. ¶¶ 38, 39, 62.  Taking Plaintiffs' allegations as true, as the Court must when ruling upon a motion to dismiss, the Court finds that Plaintiffs have adequately plead that Gundersen is personally liable for a Fair Housing Act violation.[2]

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Annemarie Gundersen's Motion to Dismiss [DE 16] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. The Motion is **GRANTED** as to Count III, Plaintiffs' Title VI, 42 U.S.C. § 2000d claim;  and

    b. The Motion is **DENIED** as to Count II, Plaintiffs' Fair Housing Act claim;

2. Plaintiffs are directed to file the Amended Complaint as a separate docket entry within CM/ECF on or before March 29, 2013, in accordance with this Court's

---

[2] In her Reply, Gundersen argues, for the first time, that she may not be held individually liable for a Fair Housing Act violation because she was acting as a review officer.  See Reply at 2.  The Court is unable to reach this conclusion based upon the cases Gundersen relies upon.  In Woods v. Willis, No. 3:09CV2412, 2010 WL 3808279, at *9-11 (N.D. Ohio Sept. 27, 2010), for example, the claim before the court was brought pursuant to 42 U.S.C. § 1983, not the Fair Housing Act, as Gundersen incorrectly claims in her parenthetical.  Perry v. City of Milwaukee Housing Authority, No. 06-C-0101, 2007 WL 1168733, at *6 (E.D. Wis. Apr. 18, 2007), which also involved a claim brought pursuant to 42 U.S.C. § 1983 rather than the Fair Housing Act, decided the issue of quasi-judicial immunity on a motion for summary judgment, not a motion to dismiss.  Additionally, although styled as a rebuttal to the cases Plaintiffs relied upon in their Response, the issue of quasi-judicial immunity is a legal argument in favor of dismissal that was raised for the first time in Gundersen's Reply.  Because Plaintiffs have not had the opportunity to respond to this argument, the Court is unwilling, at this juncture, to determine whether Gundersen would be entitled to quasi-judicial immunity for any actions described in the Amended Complaint.

January 8, 2013 Order; and

3. Defendant Gundersen shall respond to the Amended Complaint on or before April 10, 2013.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of March, 2013.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.